STANDARD ELEVATOR INTERLOCK CO. v. RAMSEY et al.

(Circuit Court, E. D. Pennsylvania. May 20, 1904.)

No. 22.

1. PATENTS—SUIT FOR INFRINGEMENT—AMENDMENT OF PLEADING.

Under the authority given the court to permit amendments by equity rule 60, a defendant in a suit for infringement of a patent, who has set up prior invention, knowledge, or use, will be given leave to amend his answer, even after replication filed, by adding the name of another witness, giving his place of residence, as required by Rev. St. § 4920 [U. S. Comp. St. 1901, p. 3394], where satisfied that the application is not made for delay, and that the amendment is in furtherance of justice.

In Equity. On petition for leave to amend answer.

Howson & Howson, for complainant.
Horace Pettit, for defendants.

HOLLAND, District Judge. The defendant has filed a petition asking leave to amend its answer by adding the name of William H. B. Teamer thereto, giving his place of residence, as required by section 4920, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3394], in cases where the defense sets up previous invention, knowledge, or use of the thing patented. The complainant objects to the allowance of this amendment upon the ground that the amendment is desired after filing of the replication, that it introduces new matter of defense, and that sufficient reason is not given for the omission of this name in the original answer.

Rule 60 of the equity rules, upon motion and cause shown, supported by affidavit, after due notice to the adverse parties, authorizes the allowance of amendments by special leave of court, or a judge thereof, in any material matter, as by adding new facts or defenses, or qualifying or altering the original statement. It appears that it has been customary in answers in these cases, as was done in this case, to add a clause praying leave to add additional names of witnesses possessing information of prior knowledge and use, when ascertained, and as the defendants may be advised. The affidavit supporting the motion for amendment does not set forth that the defendant was not in the possession of this information when the original answer was filed. It only avers that one of the counsel was not aware of the fact that Mr. Teamer possessed this knowledge. It was urged that the defendants did not know the requirements of the law as to practice and pleading, and that counsel requested the addition of this name as soon as it was brought to his attention. The court is convinced that the petition is not presented for the purpose of delay, nor is there any indication that the complainant will be put to any extra cost, should this amendment be allowed. It is simply an additional witness in the line of defense indicated in the original answer. The court does not know whether or not this information could

¶ 1. Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.
See Patents, vol. 38, Cent. Dig. § 527.

have been communicated to counsel prior to filing the answer, if the defendants had been informed as to the requirements of the law as to pleading in this particular; but as the authority to permit amendments is conferred upon the court for the furtherance of justice, and to relieve the parties from the consequence of their unavoidable ignorance or mistake, and this authority may be exercised at any stage of the proceedings when its necessity becomes apparent, we deem it proper in this case to permit the amendment, as requested.